UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO.  7:20-CV-106 |
| 0.35 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS, LUZ ELENA MUÑIZ, and HILARIA MUÑIZ, *Defendants*. | § § § § § § | |

### DEFENDANT HILARIA MUÑIZ'S ORIGINAL ANSWER AND OBJECTIONS TO PLAINTIFF'S COMPLAINT IN CONDEMNATION AND DECLARATION OF TAKING

Defendant Hilaria Muñiz hereby files her Original Answer and Objections and Defenses to the United States of America's Complaint in Condemnation, ECF Dkt. 1, and Declaration of Taking. ECF Dkt. 2.

### RESPONSE TO COMPLAINT IN CONDEMNATION

1. Defendant Hilaria Muñiz does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1. ECF Dkt. 1, at 1.

2. Defendant Muñiz denies the allegations in paragraph 2 as described in Defendant's objections and defenses stated below.

3. Defendant Muñiz denies that the authorities set forth in Schedule "A," ECF Dkt. 1-1 at 2, provide authority for the taking in this case.

4. Defendant Muñiz does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 4. As described in Defendant's objections and defenses below, the authorities set forth in Schedule "A" do not authorize the United States to take property for the public purposes described in Schedule "B." ECF Dkt. 1-1, at 2, 4.

1

5. Defendant Muñiz asserts that she currently possesses and at the time Plaintiff's filed their Complaint in Condemnation, ECF Dkt. 1, and Declaration of Taking, ECF Dkt. 2, she possessed the approximately 0.35 acres of land affected by this condemnation suit under an oral or written lease with her daughter, Defendant Luz Muñiz. In response to paragraph 5, Defendant Muñiz admits that the aerial map or plat of these 0.35 acres of land in Schedule "D" appear to be more or less accurate and that the description of this property in Schedule "C" appears to be more or less accurate. ECF Dkt. 1-1, at 6, 8.

6. Defendant Muñiz does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 6. As described in Defendant's objections and defenses below, the United States does not have authority to take property for the public purposes described in Schedule "B" or to "trim or remove any vegetative or structural obstacles that interfere" with work for the purposes described in Schedule "B." ECF Dkt. 1-1, at 10.

7. Defendant Muñiz denies that the sum estimated in paragraph 7, which references Plaintiff's Schedule "F," constitutes just compensation for the temporary one-year assignable easement. Plaintiff has failed to deposit an amount of money rationally estimated to constitute just compensation for the access to the land it seeks and for the period of time it seeks, in violation of Fed. R. Civ. P. 71.1(j)(1), 8 U.S.C. § 1103(b), 40 U.S.C. § 3114(a)(5), and the Due Process and Takings Clauses of the Fifth Amendment to the United States Constitution. As described in Defendant's objections and defenses below, the United States does not have authority to take property for the public purposes described in Schedule "B" or to perform work as described in Schedule "E" and that this action should be dismissed. ECF Dkt. 1-1, at 4, 10.  Alternatively, Defendant Muñiz asserts that the just compensation required under law is greater than Plaintiff

alleges, and therefore requests, pursuant to Fed. R. Civ. P. 71.1(h)(1)(B), a trial by jury to determine just compensation for the taking and any damages that may result from the taking.

8. Defendant Muñiz admits that her daughter, Defendant Luz Muñiz claims an interest in the property. Defendant Muñiz denies that all of the names and addresses of parties known the United States to claim an interest in the property are set forth in Schedule "G." As set forth fully in Defendant's objections and defenses below, the United States knows that Defendant Muñiz claims an interest in the property and failed to include her in Schedule "G."

9. Defendant Muñiz does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 9.

## RESPONSE TO THE DECLARATION OF TAKING

10. Defendant Muñiz does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1. ECF Dkt. 2, at 1.

11. Defendant Muñiz does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 2. As described in Defendant's objections and defenses below, the authorities set forth in Schedule "A" do not authorize the United States to take property for the public purposes described in Schedule "B." ECF Dkt. 2-1, at 2, 4.

12. Defendant Muñiz asserts that she currently possesses the approximately 0.35 acres of land affected by this condemnation suit under an oral lease with her daughter, Defendant Luz Muñiz. In response to paragraph 3, Defendant Muñiz admits that the description of the property in Schedule "C" appears to be more or less accurate. ECF Dkt. 2-1, at 6.

13. In response to paragraph 4, Defendant Muñiz admits that the aerial map or plat of the approximately 0.35 acres of land in Schedule "D" appears to be more or less accurate. ECF Dkt. 2-1, at 8.

14.     Defendant Muñiz does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 5. As described in Defendant's objections and defenses below, the United States does not have authority to take property for the public purposes described in Schedule "B" or to "trim or remove any vegetative or structural obstacles that interfere" with work for the purposes described in Schedule "B." ECF Dkt. 2-1, at 10.

15.     In response to paragraph 6, which addresses Plaintiff's Schedule "F," Defendant Muñiz incorporates her answer from paragraph 7, above.

16.     In response to paragraph 7, which addresses Plaintiff's Schedule "G," Defendant Muñiz incorporates her answer from paragraph 8, above.

17.     Defendant Muñiz denies that the United States made any efforts to negotiate acquisition of the property interest sought with her prior to filing this condemnation action despite knowing that she claimed an interest in the property.

### DEFENDANT MUÑIZ'S OBJECTIONS AND DEFENSES

18.     Pursuant to Rule 71.1(e)(2) of the Federal Rules of Civil Procedure, Defendant Muñiz sets forth the following objections and defenses to the Complaint in Condemnation and Declaration of Taking of a temporary assignable easement on the approximately 0.35 acres of land Plaintiff seeks. Defendant would show the following:

19.     The United States has no constitutional authority to exercise eminent domain in this case. "The exercise of the power of eminent domain is vested in the legislative branch of the Government." *2,953.15 Acres of Land v. United* States, 350 F.2d 356, 359 (5th Cir. 1965). "It is clear that a condemnee may challenge 'the validity of the taking for departure from the statutory limits.'" *United States v. 162.20 Acres of Land*, 639 F.2d 299, 303 (5th Cir. 1981) (quoting *Catlin v. United States*, 324 U.S. 229, 240 (1944)).

20. The exclusive statutory authority that the United States relies upon for the taking at issue here is cited in Schedule "A," ECF Dkt. 1-1, at 2; ECF Dkt. 2-1, at 2. This specific authority does not authorize the taking of property for the public purposes identified by the United States in Schedule "B" or for the surveying, making of borings, or other investigatory work described in Schedule "E." ECF Dkt. 1-1, at 4, 10; ECF Dkt. 2-1, at 4, 10. Specifically, in Section 230 of its Consolidated Appropriations Act for Fiscal Year 2019, Public Law 116- 6, div. A, tit. II, Section 230, 133 Stat. 13 ("FY2019 CAA"), which Plaintiff cites as legal authority and funding for the taking in this case, *see* ECF Dkt. 1-1, at 2; ECF Dkt. 2-1, at 2, Congress appropriated funds to be available "only" as specified therein. Pub. Law No. 116-6, § 230(a). Congress appropriated $1,375,000,000 for the "construction of primary pedestrian fencing, including levee pedestrian fencing, in the Rio Grande Valley Sector." *Id*., at § 230(a)(1). Congress has not appropriated funds for the "construction of roads,...vehicle barriers, security lighting, cameras, sensors, [or] related structures." ECF Dtk. 1-1-, at 4; ECF Dkt. 2-1, at 4. Plaintiff therefore has no authority to take Defendant's property for this purpose. *See* 31 U.S.C. § 1301(a) ("Appropriations shall be applied only to the objects for which the appropriations were made except as otherwise provided by law."). Plaintiff's taking is *ultra vires* and this Court must invalidate the taking pursuant to the Administrative Procedure Act. 5 U.S.C. § 706(2) (authorizing reviewing court "to hold unlawful and set aside agency action…found to be (A) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; [or] …(C) in excess of statutory…authority…").

21. To the extent that Plaintiff has not cited federal laws that give it authority to take the above-captioned land, Defendant Muñiz objects because Plaintiff has failed to comply with 40 U.S.C. § 3114.

22.     To the extent the parts of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 *et seq.* may apply, Plaintiff should be required to comply with those provisions.

23.     To the extent that Plaintiff has otherwise not complied with the federal laws it has cited, Defendant Hilaria Muñiz objects.

24.     Defendant reserves the right to receive all notices that may be required, at present or in the future, before Plaintiff, or its contractors or agents acting on its behalf, enter Defendant's land.

25.     Defendant reserves the right to recover attorneys' fees for this action, as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See also U.S. v. 329.73 Acres of Land, et al.*, 704 F.2d 800 (5th Cir. 1983, en banc).

26.     Defendant reserves the right to receive additional interest on any final award of compensation, as provided by 40 U.S.C. § 3116.

27.     Defendant reserves further the right to file additional objections and defenses to Plaintiff's proposed temporary taking if Plaintiff files any additional amendments or if circumstances otherwise change.

## RELIEF REQUESTED

For the foregoing reasons, Defendant Muñiz respectfully requests that the Court:

A. Enter an order denying the 12-month, fully assignable temporary easement sought by Plaintiff, and dismissing Plaintiff's Complaint in Condemnation and Declaration of Taking pursuant to Fed. R. Civ. P. 71.1(i)(1)(C).

B. Vest in Defendant Luz Muñiz title to the property that Defendant unlawfully divested by filing its Declaration of Taking under 40 U.S.C. §§ 3113 and 3114.

6

C. Allow Defendant to recover her expenses for attorneys' fees, under either the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654(a)(1) or the Equal Access to Justice Act, 28 U.S.C. § 2412 or both, as applicable.

D. Grant Defendant's request for a trial by jury under Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure on the issue of just and adequate compensation; and

E. Grant Defendant any other relief the Court deems proper.

Dated: June 15, 2020

Respectfully submitted,

TEXAS RIOGRANDE LEGAL AID, INC.

*/s/ Peter McGraw*
Peter McGraw
Attorney in Charge for Defendant
State Bar No. 24081036
S.D. Tex. No. 2148236
1206 East Van Buren St.
Brownsville, Texas 78520
Phone: (956) 982-5543
Fax: (956) 541-1410
pmcgraw@trla.org

Jerome Wesevich
S.D. Texas Bar No. 17397
1331 Texas Avenue
El Paso, Texas 79901
(915) 585-5120
jwesevich@trla.org

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing document on Manuel Muñiz Lorenzi, Assistant U.S. Attorney and counsel for Plaintiff in this matter by filing the same with the court's electronic filing system on June 15, 2020.

*/s/ Peter McGraw*
Peter McGraw